**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| |
|---|
| **RAMON VILLARREAL TORRES**, <br><br> *Petitioner*, <br><br> v. <br><br> **J.L. JAMISON, Warden, Federal Detention Center, Philadelphia, et al.**, <br><br> *Respondents*. |

**Case No. 2:26-cv-02000-JDW**

## MEMORANDUM

When Congress adopted (and amended) the Immigration And Nationality Act, it created a complex statutory regime, which applicable regulations make more complicated. It is challenging to navigate, but if anyone is equipped to do it, is the Government employees who navigate that system every day. So, their actions provide important evidence of what happened when border agents encounter an alien who has entered the country illegally, and their consequences in how they deal with the aliens they encounter bind the Government and have downstream consequences for everyone involved in the immigration process.

In this case, when border agents encountered Ramon Villarreal Torres after he crossed the border, they placed him removal proceedings and released him on his own recognizance pursuant to 8 U.S.C. § 1226. That's what DHS's own documents show. The Government tells a different story, however. It claims that it released Mr. Villarreal Torres

on humanitarian parole. But humanitarian parole occurs pursuant to a different statute, 8 U.S.C. § 1182(d)(5)A). None of the Government's documents suggests that anyone invoked that statute when the Department of Homeland Security released Mr. Villarreal Torres, so I can't credit the Government's argument. I will therefore grant Mr. Villarreal Torres's Petition for a writ of habeas corpus and order the Government to release him.

## I.     FACTUAL AND PROCEDURAL HISTORY

On December 28, 2023, Mr. Villarreal Torres, a Venezuelan citizen, entered the United States without inspection. That day, U.S. Customs and Border Protection ("CBP") agents detained Mr. Villarreal Torres, determined that he was inadmissible to the United States, and placed him into expedited removal proceedings. However, Mr. Villarreal Torres claimed a fear of return to Venezuela, so the U.S. Department of Homeland Security referred him to U.S. Citizenship and Immigration Services ("USCIS") for a credible fear interview. DHS terminated Mr. Villarreal Torres's expedited removal proceedings and issued him a Notice To Appear for "standard removal proceedings under § 1229a." (ECF No. 7 at 7.) On February 21, 2024, DHS released Mr. Villarreal Torres on his own recognizance "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act." (ECF No. 10-2 at 1.) Since then, he has lived in Chester County, Pennsylvania. Mr. Villarreal Torres alleges that he applied for asylum on October 3, 2024.

In May 2024, DHS issued a superseding Notice To Appear, directing Mr. Villarreal Torres to appear for "removal proceedings under section 240 of the Immigration and

Nationality Act" before an immigration judge in Philadelphia, Pennsylvania, on April 20, 2026. However, on March 22, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents detained Mr. Villarreal Torres pending completion of his removal proceedings. Respondents have been detaining Mr. Villarreal Torres in the Federal Detention Center in Philadelphia, Pennsylvania.

On March 26, 2026, Mr. Villarreal Torres, via counsel, filed a Verified Petition For Writ Of Habeas Corpus, asserting that Respondents violated the Immigration and Nationality Act, the Administrative Procedure Act, and the Due Process Clause of the United States Constitution by detaining him without providing him a bond hearing. Respondents filed their opposition to the Petition on April 2, 2026, making the Petition ripe for review.

## II.      LEGAL STANDARD

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). The burden is on a petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

### III.    ANALYSIS[1]

If Respondents want to detain Mr. Villarreal Torres pending his asylum and removal proceedings, then they must do so pursuant to 8 U.S.C. § 1226(a) because he has been residing in this country for more than two years. Indeed, Respondents released Mr. Villarreal Torres on his own recognizance pursuant to Section 1226. While they contend that the humanitarian parole statute authorizes their current detention of Mr. Villarreal Torres, that statute does not apply because DHS never released him on humanitarian parole.

When an immigration officer determines that an alien[2] has a credible fear of persecution in his home country, "the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii) (emphasis added). However, DHS may release such an alien on parole "temporarily … for urgent humanitarian reasons or significant public benefit." 8 U.S.C § 1182(d)(5)(A). Yet, "such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall … have been served the alien shall forthwith return or be returned to the custody from which

---

[1]    This case is one of the hundreds that my judicial colleagues and I have reviewed over the past year. Rather than repeat my prior analysis as to the substantive arguments, I incorporate my memoranda from *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025) and *Olimov v. Jamison*, No. 26-cv-532, 2026 WL 596155 (E.D. Pa. Mar. 3, 2026).

[2]    In other cases like this one, some of my colleagues refer to non-citizen petitioners like Mr. Villarreal Torres as "non-citizens." However, because the INA uses the term "alien," I mirror the statutory language.

he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.*

In this case, however, DHS did not release Mr. Villarreal Torres on humanitarian parole. In fact, Respondents admit that DHS released him on his own recognizance and placed him into standard removal proceedings. (*See* ECF No. 7 at 1, 7, 10.) And both the Notice Of Custody Determination and Order Of Release On Recognizance from February 21, 2024, make clear that DHS released Mr. Villarreal Torres pursuant to Section 236 of the INA (i.e. 8 U.S.C. § 1226)—not the humanitarian parole statute.[3] That fact makes this case different than those on which Respondents rely. *See, e.g., Geincharles v. Rokosky*, No. 26-cv-150, 2026 WL 266093 (D.N.J. Feb. 2, 2026); *Faqirzada v. Rokosky*, No. 25-cv-16639, 2026 WL 63614 (D.N.J. Jan. 8, 2026).

Following his release, Mr. Villarreal lived in Pennsylvania for more than two years. Thus, for the same reasons set forth in my prior decision in *Kashranov*, Respondents must comply with the requirements set forth in Section 1226(a) if they intend to detain Mr. Villarreal Torres pending his removal proceedings. *See Kashranov*, 2025 WL 3188399 at *5.[4] Indeed, other judges have determined that Section 1226(a) governs alien detentions

---

[3]    It is not clear whether DHS was authorized to release Mr. Villarreal Torres on his own recognizance. However, the legality of that action is not before me.

[4]    Even if DHS had released Mr. Villarreal Torres on humanitarian parole pursuant to Section 1182(d)(5)(A)—which it didn't—that statute would not authorize their detention of him without a bond hearing for substantially the same reasons set forth in my prior decision in *Olimov. See Olimov*, 2026 WL 596155 at **4-7.

after DHS has released those aliens on their own recognizance. *See Anirudh v. McShane*, No. 25-cv-6458, 2025 WL 3527528, at *5 (E.D. Pa. Dec. 9, 2025), and I find the reasoning of those cases persuasive.[5]

## IV.    CONCLUSION

Respondents had no basis to detain Mr. Villarreal Torres on March 22, 2026, without conducting a bond hearing. Their failure to do so violated the INA and the Due Process Clause of the United States Constitution. Thus, I will grant Mr. Villarreal Torres's petition for a writ of habeas corpus. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

April 7, 2026

---

[5]    *See also Del Carmen Leon De Lopez v. Soto*, No. 26-cv-2826, 2026 WL 885121, at *2 (D.N.J. Mar. 31, 2026); *Salas v. Soto*, No. 25-cv-17339, 2026 WL 485712, at *3 (D.N.J. Feb. 21, 2026); *Salvatierra v. Bondi*, No. CV 25-cv-18608, 2026 WL 45171, at *1 (D.N.J. Jan. 7, 2026).